

13 CIV 9038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SHATEEK JOHNSON,

                           Plaintiff,

              -against-

CITY OF NEW YORK; Police Officers JOHN
and JANE DOE 1-10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                           Defendants.

------------------------------------------------------------------ x



COMPLAINT

Jury Trial Demanded

       Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following,

upon information and belief, as his Complaint:

## NATURE OF THE ACTION

       1.       This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

       2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

       3.       The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

### JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

### PARTIES

7.     Plaintiff Shateek Johnson ("plaintiff" or "Mr. Johnson") is a resident of Bronx County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, the individual defendants were acting under color of state law.

## NOTICE OF CLAIM

12.     On or about August 23, 2013, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

13.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

14.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## STATEMENT OF FACTS

15.     At approximately 1:30 a.m. on May 27, 2013, plaintiff was lawfully walking to his home and was at and around 156th Street and Caldwell Avenue in the vicinity of the Saint Mary's Park Houses, a public housing development in the Bronx.

16.     The defendants approached plaintiff and a defendant John Doe, without probable cause or reasonable suspicion to believe Mr. Johnson had committed any

3

crime or offense, stopped, grabbed and then struck plaintiff in the mouth.

17.     Plaintiff was handcuffed and put in the defendants' automobile, where a defendant John Doe repeatedly struck Mr. Johnson in the mouth.

18.     Defendants took plaintiff's cell phone and keys and did not provide Mr. Johnson with a property voucher.

19.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, and humiliation.

### FIRST CLAIM
### Unlawful Stop and Search

20.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

21.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

22.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

### SECOND CLAIM
### State Law False Arrest

23.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24.     By the conduct described herein, plaintiff was falsely arrested.

4

25.    Plaintiff was conscious of his confinement.

26.    Plaintiff did not consent to his confinement.

27.    Plaintiff's confinement was not otherwise privileged.

28.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

29.    As a direct and proximate result of the conduct complained of herein, plaintiff sustained damages alleged herein.

### THIRD CLAIM
**False Arrest**

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendant John Doe violated the Fourth and Fourteenth Amendments because he used unreasonable force on plaintiff.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

36.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.    By conduct described herein, plaintiff was assaulted and battered.

38.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

39.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

6

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

42.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

43.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

44.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

45.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

48.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

49.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

50.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CLAIM**
**Intentional Infliction of Emotional Distress**

51.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

53.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

54.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

55.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

56.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.    Defendants Jane Doe was present during the incident and, to the extent that she did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58.    Accordingly, defendant Jane Doe failed to intervene and violated the Fourth and Fourteenth Amendments.

59.    As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## TENTH CLAIM
### *Monell*

60.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.    This is not an isolated incident.

62.    The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

63.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual

capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

64.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

65.     The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

66.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

67.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.

DATED:    December 19, 2013
             New York, New York

                    HARVIS WRIGHT & FETT LLP
                    *Attorneys for plaintiff*
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    bfett@hwandf.com

                    _____
                    By: Baree N. Fett